| | |
|---|---|
| DOUGLAS E. LUMISH (Bar No. 183863) | ARTHUR W. COVIELLO (SBN 291226) |
| doug.lumish@lw.com | arthur.coviello@wilmerhale.com |
| RICHARD G. FRENKEL (Bar No. 204133) | WILMER CUTLER PICKERING |
| rick.frenkel@lw.com | HALE AND DORR LLP |
| NICHOLAS YU (Bar No. 298768) | 950 Page Mill Road |
| nicholas.yu@lw.com | Palo Alto, California 94304 |
| LATHAM & WATKINS LLP | Telephone: (650) 858-6000 |
| 140 Scott Drive | Facsimile: (650) 858-6100 |
| Menlo Park, California 94025 | |
| Telephone: +1.650.328.4600 | MICHAEL J. SUMMERSGILL (*pro hac vice*) |
| Facsimile: +1.650.463.2600 | DONALD R. STEINBERG (*pro hac vice*) |
| | JORDAN L. HIRSCH (*pro hac vice*) |
| GREGORY K. SOBOLSKI (Bar No. 267428) | michael.summersgill@wilmerhale.com |
| gregory.sobolski@lw.com | donald.steinberg@wilmerhale.com |
| LATHAM & WATKINS LLP | jordan.hirsch@wilmerhale.com |
| 505 Montgomery St. #2000 | WILMER CUTLER PICKERING |
| San Francisco, California 94111 | HALE AND DORR LLP |
| Telephone: +1.415.391.0600 | 60 State Street |
| Facsimile: +1.415. 395.8095 | Boston, MA 02109 |
| | Telephone: (617) 526-6000 |
| Attorneys for Plaintiffs NANOSYS, INC. | Facsimile: (617) 526-5000 |
| and MASSACHUSETTS INSTITUTE OF | |
| TECHNOLOGY | Attorneys for Defendant QD VISION, INC. |

JAMES L. DAY (SBN 197158)
jday@fbm.com
WINSTON LIAW (SBN 273899)
wliaw@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: +1.415.954.4400
Facsimile: +1.415.954.4480

Attorneys for Plaintiff THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NANOSYS, INC., THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | CASE NO. 4:16-cv-1957-YGR |
| Plaintiffs, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | |
| QD VISION, INC., | |
| Defendant. | |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, where "employee" does not include former students of the Massachusetts Institute of Technology or the University of California (or former students who may have received funding or grants from these institutions), and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

1   qualify for protection under this Order. Then, before producing the specified documents, the

2   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

4   Material.

5              (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

6   that the Designating Party identify on the record, before the close of the deposition, hearing, or

7   other proceeding, all protected testimony and specify the level of protection being asserted.

8   When it is impractical to identify separately each portion of testimony that is entitled to

9   protection and it appears that substantial portions of the testimony may qualify for protection, the

10  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

11  is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

12  which protection is sought and to specify the level of protection being asserted. Only those

13  portions of the testimony that are appropriately designated for protection within the 21 days shall

14  be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

15  Party may specify, at the deposition or up to 21 days afterwards if that period is properly

16  invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18         Parties shall give the other parties notice if they reasonably expect a deposition, hearing

19  or other proceeding to include Protected Material so that the other parties can ensure that only

20  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

22  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24         Transcripts containing Protected Material shall have an obvious legend on the title page

25  that the transcript contains Protected Material, and the title page shall be followed by a list of all

26  pages (including line numbers as appropriate) that have been designated as Protected Material

27  and the level of protection being asserted by the Designating Party. The Designating Party shall

28  inform the court reporter of these requirements. Any transcript that is prepared before the

expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

  In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

1         The burden of persuasion in any such challenge proceeding shall be on the Designating
2   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose
3   unnecessary expenses and burdens on other parties) may expose the Challenging Party to
4   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to
5   file a letter brief to retain confidentiality as described above, all parties shall continue to afford
6   the material in question the level of protection to which it is entitled under the Producing Party's
7   designation until the court rules on the challenge.

8   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

9         7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed
10  or produced by another Party or by a Non-Party in connection with this case only for
11  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
12  disclosed only to the categories of persons and under the conditions described in this Order.
13  When the litigation has been terminated, a Receiving Party must comply with the provisions of
14  section 14 below (FINAL DISPOSITION).

15        Protected Material must be stored and maintained by a Receiving Party at a location and
16  in a secure manner that ensures that access is limited to the persons authorized under this Order.

17        7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
18  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
19  disclose any information or item designated "CONFIDENTIAL" only to:

20             (a)     the Receiving Party's Outside Counsel of Record in this action, as well as
21  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
22  information for this litigation;

23             (b)     the officers, directors, and employees (including House Counsel) of the
24  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
25  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26             (c)     Experts (as defined in this Order) of the Receiving Party to whom
27  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
28  and Agreement to Be Bound" (Exhibit A);

1  (d) the court and its personnel;

2  (e) court reporters and their staff, professional jury or trial consultants, and
3  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who
4  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5  (f) during their depositions, witnesses in the action who are (1) current
6  employees of Producing Party, (2) current or former officers or directors of the Producing Party,
7  (3) experts retained by the Producing Party, (4) witnesses designated to testify pursuant to Fed.
8  R. Civ. P. 30(b)(6) by the Producing Party, (5) persons identified on the face of the document as
9  an author or recipient, and/or (6) persons established to have, in the ordinary course of business,
10 seen the Protected Material; and

11 (g) the author or recipient of a document containing the information or a
12 custodian or other person who otherwise possessed or knew the information.

13    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
14 <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the
15 Designating Party, a Receiving Party may disclose any information or item designated
16 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

17 (a) the Receiving Party's Outside Counsel of Record in this action, as well as
18 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
19 information for this litigation;

20 (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
21 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be
22 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,
23 have been followed];

24 (c) the court and its personnel;

25 (d) court reporters and their staff, professional jury or trial consultants, mock
26 jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation
27 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28 (e) during their depositions, witnesses in the action who are (1) current

employees of Producing Party, (2) current or former officers or directors of the Producing Party, (3) experts retained by the Producing Party, (4) witnesses designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) by the Producing Party, (5) persons identified on the face of the document as an author or recipient, and/or (6) persons established to have, in the ordinary course of business, seen the Protected Material; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. The Party receiving such a written objection may not disclose the subject Protected Material until the objection has been resolved.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Party seeking to prevent the disclosure to the Expert must file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 7 days of the meet and confer. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is inappropriate, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions). Failure to file a motion within the allotted time will constitute waiver of the objection to the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to light-emitting II-VI and III-V semiconductor nanocrystals for applications in display technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter partes* review ("IPR")). This Prosecution Bar shall begin when access to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing within 7 days of being served with such subpoena or court order the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing within 7 days of being served with such subpoena or court order the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are also applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with

this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures within 3 days of learning of such unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order within 3 days of learning such information, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A within 3

days of learning such information.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Inadvertent production of materials or documents subject to the attorney-client privilege, work-product immunity or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s), provided that the provisions set forth herein are followed. Inadvertent production of materials or documents shall be handled as follows, without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a) Within 14 days of discovering that information produced in discovery should have been withheld on the basis of privilege or immunity, the Producing Party shall notify the Receiving Party, identifying the documents or information in question in a privilege log or other description that lists the privilege or immunity invoked and discloses the basis therefor. Upon receiving such notice, the Receiving Party shall within 7 days, return or destroy the materials or documents and all copies thereof and certify to the Producing Party that all copies thereof have been returned or destroyed.

b) If the Receiving Party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel of Record for the Receiving Party shall provide to Outside Counsel of Record for the Producing Party, within 7) days after receipt of the Producing Party's request for return and privilege log, a written explanation of the good-faith basis for its belief that the inadvertently produced materials or documents are not privileged.

c) Outside Counsel of Record for the Producing Party shall respond in writing to the timely challenge to the privilege or immunity claim by Outside Counsel of Record for the Receiving Party within seven (7) days from receipt of the challenge. In the event that the parties cannot agree as to the privilege or immunity status of the inadvertently produced materials or documents, the Receiving Party has 14 days from receipt of the Producing Party's written response to the privilege challenge (or such other time as may be agreed between the Parties) to seek a determination by the Court of the claim of privilege or immunity and may present the

information to the Court under seal for a determination of the claim. In the event that the challenge to a claim of privilege comes before the Court, the Producing Party shall have the burden of proving that the produced materials or document are privileged and were inadvertently produced.

      d)     The substance of such documents cannot be used to challenge the propriety of the asserted privilege immunity.

13. <u>MISCELLANEOUS</u>

      13.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      13.3     <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

      13.4     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then

the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 26, 2016                /s/ Douglas E. Lumish
                                      Attorney for Plaintiffs Nanosys, Inc. and
                                      Massachusetts Institute of Technology


DATED: August 26, 2016                /s/ James L. Day
                                      Attorney for Plaintiff The Regents of the
                                      University of California


DATED: August 26, 2016                /s/ Michael J. Summersgill
                                      Attorney for Defendant QD Vision, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 26, 2016                _____
                                      Yvonne Gonzalez Rogers
                                      United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Nanosys, Inc., The Regents of the University of California, and Massachusetts Institute of Technology v. QD Vision, Inc.*, Case No. 4:16-cv-1957-YGR (N.D. Cal.), I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
     [printed name]

Signature: _____
     [signature]

# ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatories, which shall serve in lieu of their signatures.

Dated: August 26, 2016     By     */s/ Douglas E. Lumish*
                                   Douglas E. Lumish