DOUGLAS E. LUMISH (Bar No. 183863)
doug.lumish@lw.com
RICHARD G. FRENKEL (Bar No. 204133)
rick.frenkel@lw.com
NICHOLAS YU (Bar No. 298768)
nicholas.yu@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

GREGORY K. SOBOLSKI (Bar No. 267428)
gregory.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery St. #2000
San Francisco, California 94111
Telephone: +1.415.391.0600
Facsimile: +1.415. 395.8095

Attorneys for Plaintiffs NANOSYS, INC.
and MASSACHUSETTS INSTITUTE OF
TECHNOLOGY

ARTHUR W. COVIELLO (SBN 291226)
arthur.coviello@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

MICHAEL J. SUMMERSGILL (*pro hac vice*)
DONALD R. STEINBERG (*pro hac vice*)
JORDAN L. HIRSCH (*pro hac vice*)
michael.summersgill@wilmerhale.com
donald.steinberg@wilmerhale.com
jordan.hirsch@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Defendant QD VISION, INC.

JAMES L. DAY (SBN 197158)
jday@fbm.com
ERIK C. OLSON (SBN 260452)
eolson@fbm.com
WINSTON LIAW (SBN 273899)
wliaw@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: +1.415.954.4400
Facsimile: +1.415.954.4480

Attorneys for Plaintiff THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NANOSYS, INC., THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiffs,<br><br>    v.<br><br>QD VISION, INC.,<br><br>    Defendant. | **CASE NO. 4:16-CV-1957-YGR**<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>Tutorial: Mar. 24, 2017 (9:30 AM)<br>Hearing: Apr. 5, 2017 (1:00 PM)<br>Courtroom: 1, 4th Floor<br>Judge: The Hon. Yvonne Gonzalez Rogers |

In accordance with Patent Local Rule 4-3, the standing order for patent cases of this Court, and the scheduling order of this Court, Plaintiffs Nanosys, Inc., The Regents of the University of California, and Massachusetts Institute of Technology ("Plaintiffs") by and through their counsel of record, Latham and Watkins LLP and Farella Braun + Martel LLP, and QD Vision, Inc. ("Defendant"), by and through its counsel of record, Wilmer Cutler Pickering Hale and Dorr LLP, file this *Joint Claim Construction and Prehearing Statement* concerning the construction of claim terms identified in Appendix A from the following Patents-in-Suit:

- U.S. Patent No. 6,322,901: Claims 10, 12, 18, 19, 22, 23
- U.S. Patent No. 6,207,229: Claims 1, 5, 6, 7, 10, 11
- U.S. Patent No. 8,481,112: Claims 1, 9, 11, 22, 23, 28
- U.S. Patent No. 8,481,113: Claims 1, 7, 8, 15
- U.S. Patent No. 6,821,337: Claims 1, 7, 9, 15, 17, 18
- U.S. Patent No. 8,071,359: Claims 1, 21, 28, 32
- U.S. Patent No. 8,288,152: Claims 1, 12, 24, 26
- U.S. Patent No. 8,288,153: Claims 1, 18, 19, 23, 30, 34
- U.S. Patent No. 8,648,524: Claims 1, 2, 3, 6, 14
- U.S. Patent No. 9,063,363: Claims 1, 2, 9
- U.S. Patent No. 9,182,621: Claims 1, 4, 15

## I.  **PATENT L.R. 4-3(a):  AGREED CONSTRUCTION**

The parties have met and conferred but have not agreed upon constructions.

## II.  **PATENT L.R. 4-3(b): PROPOSED CONSTRUCTIONS OF DISPUTED TERMS**

The parties' proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other parties' proposed construction, is provided in Appendix A.

### III.   <u>PATENT L.R. 4-3(c): IDENTIFICATION OF MOST SIGNIFICANT TERMS</u>

The parties have worked to reduce the number of claim construction disputes before the Court.  The parties have submitted competing proposals regarding limiting the number of asserted claims and prior art (as well as individual statements showing the overlap between infringement and invalidity theories), which are still pending.  (*See* Dkt. No. 77; *see also* Dkt. Nos. 82 & 87.)  The Court has granted the parties permission to designate a total of eleven terms for claim construction.  (*See* Dkt. No. 95.)  Where the parties have listed claim terms as one group in Appendix A, they agree that there is a single dispute that will resolve construction of those grouped claim terms.

Plaintiffs do not believe that Defendant's proposed constructions are case-dispositive.  That is, even if the Court were to adopt Defendant's proposed constructions, factual issues would remain with respect to non-infringement and/or invalidity.  Plaintiffs believe, however, that their proposals for the "about" terms ("about a 10% rms deviation"; "in the range of about 20 Å to about 125 Å"; "no greater than about [60/40/37] nm"; "about 2 nm/3nm") and for the "substantially" terms ("substantially monodisperse" and "substantially alter the monodispersity") would dispose of Defendant's allegations of indefiniteness under 35 U.S.C. § 112/2 as to '901 Patent, claims 1, 10, 12; '229 Patent, claims 1, 7, 10, 11; '113 Patent, claims 1, 7, 13; '112 Patent, claims 1, 9, 28; '337 Patent, claim 15; '359 Patent, claims 1, 21, 43; '153 Patent, claims 1, 18; '524 Patent, claims 1, 6, 14; and '621 Patent, claims 1, 4, 15.

Defendant believes that many of the proposed claim constructions could, if adopted, dispose of many issues in the case, as detailed in Defendant's "Impact Statements" in Appendix A.  In particular:  Defendant believes that if its proposed constructions of "an overcoating uniformly deposited on the core"; "wherein the first semiconductor material and the second semiconductor material are different"; "a second semiconductor material different from the first semiconductor material"; "a second semiconductor material selected from ZnS, CdS, and CdSe"; "layer"; and "coordinating solvent" are adopted, the construction will be dispositive to ultimately show non-infringement of at least claim 10 of the '901 Patent, claims 1, 9, 11, 22, 23, and 28 of

the '112 Patent, claims 1, 7, 8, and 15 of the '113 Patent, claims 1, 2, 3, 6, and 14 of the '524 Patent, claims 1, 2, and 9 of the '363 Patent, claims 1, 4, and 15 of the '621 Patent, claims 1, 7, 9, 15, 17, and 18 of the '337 Patent, and claims 1, 5, 6, 7, 10, and 11 of the '229 Patent. Defendant's further believe that if its proposed construction of "polymer" is adopted, it will demonstrate that prior art invalidates at least claims 1, 21, 28, and 32 of the '359 Patent and claims 1, 18, 19, 23, 30, and 34 of the '153 Patent.  Finally, if the Court agrees with Defendant that claim terms "no greater than about [60/40/37] nm"; "having a quantum yield [of] greater than about [30%/40%]"; "about a 10% rms deviation"; "in the range of about 20 Å to about 125 Å"; "about 3 nm"; "about 2 nm"; "substantially monodisperse"; and  "substantially alter the monodispersity" are indefinite, this will be dispositive to show invalidity of at least claims 10, 12, 18, 19, 22, and 23 of the '901 Patent, claims 1, 5, 6, 7, 10, and 11 of the '229 Patent, claims 1, 9, 11, 22, 23, and 28 of the '112 Patent, claims 1, 7, 8, and 15 of the '113 Patent, claim 21 of the '359 Patent, and claim 34 of the '153 Patent.

## IV.   PATENT L.R. 4-3(d): ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING

The parties anticipate the length of time for the claim construction hearing to be 3 hours.

## V.   PATENT L.R. 4-3(e): WITNESSES FOR CLAIM CONSTRUCTION HEARING

Plaintiffs reserve the right to call Christopher Murray, Ph.D., an expert in the field of quantum dot technology, at the claim construction hearing or tutorial.

Dated: December 23, 2016

Respectfully submitted,

LATHAM & WATKINS LLP

By    */s/ Douglas E. Lumish*
Douglas E. Lumish
Richard G. Frenkel
Gregory K. Sobolski
Nicholas Yu

Attorneys for Plaintiffs NANOSYS, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY

FARELLA BRAUN + MARTEL LLP

By    */s/ James L. Day*
James L. Day
Erik C. Olson
Winston Liaw

Attorneys for Plaintiff THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

WILMER CUTLER PICKERING HALE AND DORR LLP

Dated: December 23, 2016

By: /s/ *Michael J. Summersgill*
Arthur W. Coviello
Michael J. Summersgill
Donald R. Steinberg
Jordan L. Hirsch

Attorneys for Defendant QD VISION, INC.

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT
Case No.: 4:16-cv-1957-YGR

1

## **ATTORNEY ATTESTATION**

2

   Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Douglas E. Lumish, attest that

3

concurrence in the filing of this document has been obtained from any signatories indicated by a

4

"conformed" signature (/s/) within this e-filed document.  I declare under penalty of perjury under

5

the laws of the United States of America that the foregoing is true and correct.

6

7

Dated: December 23, 2016

8

                                    By: */s/ Douglas E. Lumish*
                                        Douglas E. Lumish

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
Case No.: 4:16-cv-1957-YGR