UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NANOSYS, INC., ET AL.**,<br>Plaintiffs,<br>v.<br>**QD VISION, INC.**,<br>Defendant. | Case No. 16-cv-01957-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 88 |

Plaintiffs bring this action against defendant QD Vision, Inc. ("QDV") for alleged infringement of eleven patents.[1] Plaintiffs bring claims for: (i) direct infringement of eight of the patents; (ii) induced infringement of one of the patents; and (iii) contributory infringement of two of the patents. Additionally, plaintiffs allege that QDV's direct infringement of five of the patents was willful, thereby warranting an award of enhanced damages.

Currently before the Court is QDV's motion to dismiss certain claims from the SAC. Specifically, QDV moves to dismiss the following: (i) willful infringement of Patent Nos. 6,207,229 ("229 Patent"), 6,322,901 ("901" Patent"), 8,481,112 ("112 Patent"), 8,481,113 ("113 Patent"), and 6,821,337 ("337 Patent") in Counts One through Four and Six (the "Willful Infringement Claims"); (ii) pre-suit induced infringement claims for Patent No. 9,182,621 ("621 Patent) in Count Thirteen; (iii) contributory infringement of Patent Nos. 8,648,524 ("524 Patent") and 9,063,363 ("363 Patent") in Counts Eleven and Twelve, respectively. (Dkt. No. 88, "Mtn.")

---

[1] Plaintiffs filed their original complaint on April 14, 2016 (Dkt. No. 1) and a first amended complaint on June 14, 2016 (Dkt. No. 36). On September 16, 2016, the Court granted in part and denied in part QDV's motion to dismiss certain claims. (Dkt. No. 80.) Plaintiffs filed a second amended complaint on October 5, 2016, alleging infringement of thirteen patents. (Dkt. No. 84, "SAC.") On December 9, 2016, the parties filed a joint administrative motion and represented to the Court that plaintiffs were no longer asserting claims for infringement of Patent Numbers 6,576,291 and 7,138,098 at Counts Five and Seven, respectively. (Dkt. No. 94.)

1    The Court previously dismissed these same claims with leave to amend.  (Dkt. No. 80.)[2]  QDV

2    does not move to dismiss any other claims and has filed a partial answer to the SAC.  (Dkt. No.

3    89.)

4        Having carefully considered the pleadings and the papers submitted on this motion, and for

5    the reasons set forth more fully below, the Court **DENIES** QDV's motion to dismiss as follows:

6        First, with regards to the Willful Infringement Claims, QDV argues that plaintiffs have

7    failed to plead allegations showing willfulness beyond mere knowledge, which this Court noted

8    plaintiffs must do in its prior order dismissing the same.  With respect to the patents at issue for

9    the Willful Infringement Claims, plaintiffs have added allegations in the SAC demonstrating the

10   following:  Nanosys and QDV shared at least one co-founder, Dr. Moungi Bawendi.  Dr. Bawendi

11   was also a named inventor of the patents at issue.  Dr. Bawendi left Nanosys to found QDV and

12   provide scientific advice to the company.  QDV then "availed itself of Dr. Bawendi's knowledge

13   of the claimed inventions and Nanosys's technology to develop and market its infringing products,

14   including Color IQ."  (SAC ¶¶ 44, 58, 72, 85, 112.)  The Court finds that such allegations

15   constitute more than "mere knowledge" and are, at this stage, sufficient to support a claim for

16   willful infringement.  Plaintiffs have alleged that the former founder of Nanosys who is also

17   named as an inventor of the patents at issue used his specific knowledge regarding such patents to

18   develop competing technology at another company.  If true, such could constitute egregious

19   actions that would entitle plaintiffs to enhanced damages under the patent laws.  *See Halo Elec.,*

20   *Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1936 (2016) (acknowledging that "intentional or

21   knowing" infringement "may" warrant a punitive sanction, particularly where the circumstances

22   transform "simple knowledge into such egregious behavior") (Breyer, J., concurring).

23   Accordingly, QDV's motion to dismiss the Willful Infringement Claims is **DENIED.**

24       Second, with regards to the induced infringement claims in Count Thirteen, the Court

25   previously dismissed the pre-suit allegations for failure to allege adequately pre-suit knowledge of

---

[2] The Court adopts here the Background section and its discussion of the legal issues in its prior order on QDV's motion to dismiss.

1  the patents.  In the SAC, plaintiffs have added allegations regarding Dr. Bawendi's involvement
2  with Nanosys, as discussed above.  Additionally, plaintiffs allege that the quantum dot technology
3  market consists primarily of only two companies, namely, QDV and Nanosys.  As such, plaintiffs
4  allege that QDV would have monitored developments in Nanosys' technology and intellectual
5  property, and thus knew, or at the very least, should have known, about the issuance of the 621
6  Patent.  QDV argues that such allegations remain insufficient to support pre-suit inducement
7  claims.  Specifically, QDV argues that Dr. Bawendi left Nanosys in 2004, almost a decade before
8  the 621 Patent was issued.  However, the Court finds that the allegations in the SAC are sufficient
9  to raise at least the inference that QDV knew about the 621 Patent prior to the filing of the instant
10 suit.  That QDV and Nanosys are the two primary players in a small market increases the
11 likelihood that QDV had knowledge of Nanosys's patents.  *See, e.g.*, *3D Sys., Inc. v. Formlabs,*
12 *Inc.*, No. 13-CV-7973, 2014 WL 1904365, at *3 (S.D.N.Y. May 12, 2014) (finding knowledge
13 sufficiently pled where parties were in the same market for stereolithographic 3D printers).  Thus,
14 the Court **DENIES** QDV's motion to dismiss the induced infringement claims in Count Thirteen.

15 Finally, with regards to the contributory infringement claims in Counts Eleven and
16 Twelve, the Court previously dismissed the same finding that plaintiffs failed to plead any facts
17 demonstrating that the accused infringing components lacked any substantial non-infringing uses.
18 Plaintiffs have now incorporated by reference their "Disclosure of Asserted Claims and
19 Infringement Contentions" served on September 9, 2016, and claim that the same supports their
20 allegations that QDV's products have no "substantial non-infringing uses." (SAC ¶¶ 165, 185.)
21 Additionally, plaintiffs allege that the accused products are "specially designed and adapted such
22 that it must be used" in the infringing manner claimed in plaintiffs' patents.  (*Id.* at ¶¶ 170–173,
23 190–193.)  QDV no longer appears to challenge plaintiffs' claims on these grounds, but argues
24 that plaintiffs have failed to allege any facts that would show that QDV knew its products were
25 "especially made to infringe" the patents at issue here because plaintiffs have inadequately pled
26 that QDV knew of the patents when QDV created the allegedly infringing products.  (*See* Dkt. No.
27 92 at 7.)  With respect to this issue, plaintiffs have again alleged that, because of the close
28 relationship between Dr. Bawendi and Nanosys and because of the relatively small size of the

market (*see* SAC ¶¶ 163, 183), QDV knew or should have known about the patents at issue. As discussed above, such is sufficient at this stage to raise an inference that QDV had the requisite knowledge to sustain a claim for contributory infringement in Counts Eleven and Twelve. Accordingly, QDV's motion to dismiss the same is **DENIED.**

This Order terminates Docket Number 88.[3]

**IT IS SO ORDERED.**

Dated:  January 4, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Court **VACATES** the hearing on this motion currently set for January 10, 2017.